

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

**GROVER SELLERS**
**ATTORNEY GENERAL**

Honorable C. W. Norrid
County Attorney
Motley County
Matador, Texas

Dear Sir:

Opinion No. O-7349

Re: Appointment of County
Treasurer as Deputy Tax
Collector.

We have your request for opinion on the captioned subject, which reads as follows:

"The Tax Collector of Motley County, would like to appoint the County Treasurer of Motley County, Deputy Tax Collector of Motley County. The appointee would work in the Tax Collector's office when not working in discharge of her duties as County Treasurer. The work in the Collector's office would be what is commonly called a part time job.

"Question: Could the duly qualified County Treasurer, drawing public money as such, accept an appointment as Deputy Tax Collector, enter into bond and take the oath of office as Tax Collector and retain the office of County Treasurer of Motley County?"

Your question involves the construction of Article XVI, Section 40, which, with certain exceptions not here material, provides:

"No person shall hold or exercise, at the same time, more than one civil office of emolument . . . ."

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable C. W. Norrid, Page 2

In the case of Kimbrough v. Barnett, 93 Tex. 310, 55 S. W. 122, our Supreme Court said:

"Public office is the right, authority, and duty created and conferred by law by which, for a given period either fixed by law or enduring at the pleasure of the creating power, an individual is invested with some portion of the sovereign functions of the government to be exercised by him for the benefit of the public."

There can be no question that the position of County Treasurer is a civil office of emolument. Section 44 of Article XVI of the Constitution provides for such office in the following terms:

"The Legislature shall prescribe the duties and provide for the election by the qualified voters of each county in this State, of a county treasurer . . . . who shall have an office at the county seat, and hold their office for two years, and until their successors are qualified; and shall have such compensation as may be provided by law."

The Legislature prescribed the duties of such office in Title 36, R.C.S.

It is settled that deputy sheriffs and deputy county clerks are public officers of this State. Donges v. Beall, 41 S. W. 2d 531; State v. Brooks, 42 Tex. 62; Townes v. Harris, 13 Tex. 507; Murray v. State, 67 S. W. 2d 274. This office has previously held in Opinion No. 0-4968 that a deputy constable likewise is a public officer of the State. By a parity of reasoning and after consideration of Article 7252, the Article under which deputy assessors and collectors are appointed, we feel that a deputy assessor and collector is also a public officer, and that he holds a civil office of emolument under this State. Article 7252 provides, in part:

"Each Assessor and Collector of Taxes may appoint one or more deputies to assist him in the

Honorable C. W. Norrid, Page 3

assessment and collection of taxes, and may require
such bond from the person so appointed, as he deems
necessary for his indemnity; and the Assessor and
Collector of Taxes shall in all cases be liable and
accountable for the proceedings and misconduct
in office of his deputies; and the deputies appoint-
ed in accordance with the provisions of this Article
shall do and perform all the duties imposed and re-
quired by law of Assessors and Collectors of Taxes;
and all acts of such deputies done in conformity with
law shall be as binding and valid as if done by the
Assessor and Collector of Taxes in person. . . ."

It follows that the County Treasurer may not also
serve as a Deputy Tax Collector.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Arthur L. Moller
Assistant

APPROVED SEP 11, 1946

FIRST ASSISTANT
ATTORNEY GENERAL

ALM:me

APPROVED
OPINION
COMMITTEE
BY _____
CHAIRMAN